FLAT TOP INSURANCE AGENCY *et al. v.* EDGAR B. SIMS, *Auditor et al.*

(No. 8065)

Submitted January 15, 1935. Decided February 12, 1935.

*Homer A. Holt,* Attorney General, and *Ira J. Partlow,* Assistant Attorney General, for appellants.

*George Richardson, Jr.,* and *Albert S. Kemper, Jr.,* for appellees.

MAXWELL, JUDGE:

This is an appeal from an injunctive decree of the circuit court of Kanawha County, entered in the chancery cause of Flat Top Insurance Agency, a corporation, and C. A. Bradshaw, plaintiffs, against Edgar B. Sims, Auditor of the State of West Virginia and *ex officio* insurance commissioner, Harlan Justice, deputy insurance commissioner, and the

Employers' Liability Assurance Corporation of London, England, a corporation, defendants.

In the summer of 1933, the said assurance corporation in the course of its general business, acting through the said insurance agency, wrote some "fleet" policies of insurance on automobiles in this state. The policies afforded protection against hazards of property damage and liability and included not only automobiles of the companies for which the policies were written (properly embraced), but also automobiles owned by some of their employees. The insurance commissioner and his deputy, considering that practice to be improper and unjust, by · communication addressed to the assurance corporation, announced that for the reason indicated the practice must be terminated, and required that the coverage which had been written in that manner be cancelled at once. The assurance corporation signified immediate compliance.

The insurance agency and Bradshaw, its representative, instituted this cause to enjoin the commissioner and his deputy from enforcing said order, and to enjoin the assurance corporation from cancelling the policies. The relief prayed for was granted. The commissioner and his deputy were granted an appeal.

By statute, Code, 33-1-5, as amended by chapter 31, Acts of the Legislature, First Extraordinary Session, 1933, the commissioner is authorized, after due notice and hearing, to require an insurance company issuing policies of insurance in this state to desist from any illegal, improper or unjust method of business.

The assurance corporation is not complaining that there was no hearing. The interdicted practice on the part of the corporation is admitted. The method had been prohibited by a general order issued by Auditor Sims' predecessor May 10, 1930.

In the case of *Aetna Casualty & Surety Company* v. *Lawson, Auditor, etc.*, 113 W. Va. 79, 166 S. E. 811, decided in November, 1932, we held that the insurance commissioner does not have authority under statute to regulate the rates of indemnity companies.

It is urged by the plaintiff that the commissioners' orders of May 10, 1930, and August 3, 1933, are, in the last analysis, efforts on the part of the insurance commissioners to regulate indemnity rates and therefore that the said orders were issued without warrant of law.

We do not share this view; nor do we accept the theory also advanced by the plaintiffs that under the authority of the statute aforesaid the commissioner may place condemnation only on such manner of doing business as is contrary to the law or established custom. Having in mind the evident purpose of the statute, we think that its meaning should not be circumscribed in the manner indicated. It would be impossible for the statute to enumerate and proscribe every possible abuse which might arise. The legislature declared the broad policy that insurance practices shall not be "illegal, improper or unjust." There is vested in the commissioner the responsibility of effectuating such intent. This is not an investiture of arbitrary power, but of reasonable discretion, reviewable by the courts. The justification for the commissioner's action here in question is that the practice which he banned involved discrimination against those of the association's policyholders, not protected by "fleet" coverage, who were required to pay higher rates than those who were placed under "fleet" coverage though their automobiles obviously did not belong to the company's fleet. It is conceded that an indemnity company may fix its rates without interference by the commissioner, but such rates must be applied to the several classes involved, without discrimination among members of a class. Where there is such distinction, there is an unjust practice.

Subsequent to the granting of this appeal, the assurance corporation, with the acquiescence of the plaintiffs, has desisted from the practice of which the insurance commissioner complained. Therefore, the plaintiffs move to dismiss the appeal as involving only a moot question. We overrule that motion because the decree appealed from is such that while it remains operative the objectionable practice might at any time be resumed and the commissioner could not interfere without violating the injunction. The principle involved is

of vital importance in the administration of the affairs of the office of the commissioner in respect of indemnity companies.

For the reasons which we have set forth, we reverse the decree of the learned chancellor of the circuit court of Kanawha County, dissolve the injunction, and dismiss the plaintiffs' bill.

*Reversed; injunction dissolved; bill dismissed.*